# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 9, 2021

Lyle W. Cayce
Clerk

No. 20-50552
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DANIEL QUINTANILLA, JR., *also known as* DANIEL QUINTANILLA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:17-CR-116-1

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Daniel Quintanilla, Jr., argues on appeal that his 24-month revocation sentence, which is both the statutory maximum and within the range recommended by the policy statements in the Sentencing Guidelines, is substantively unreasonable because the district court failed to consider his

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

personal history of substance abuse, mental illness, and having been the victim of childhood sexual abuse. Arguing that the Guidelines lack an empirical basis, Quintanilla also challenges the presumption of reasonableness that attaches to a within-guidelines revocation sentence, *see, e.g., United States v. Lopez-Velasquez*, 526 F.3d 804, 808-09 (5th Cir. 2008), but he recognizes the issue is foreclosed and raises it only to preserve his opportunity for further appellate review. *See, e.g., United States v. Mondragon-Santiago*, 564 F.3d 357, 366 (5th Cir. 2009).

We review the sentence for reasonableness under the plainly unreasonable standard of review. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 767 (2020); *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013). We consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard. *Warren*, 720 F.3d at 332. If the sentence is unreasonable, we then consider whether the district court's "error was obvious under existing law." *Id.* at 332 n.2 (internal quotation marks and citation omitted).

Quintanilla has failed to show that his revocation sentence is substantively unreasonable. As Quintanilla recognizes, his within-guidelines revocation sentence is afforded a presumption of reasonableness. *See Lopez-Velasquez*, 526 F.3d at 808-09. And here, the district court considered at sentencing the very factors to which Quintanilla now points, but it implicitly concluded they did not warrant a lower sentence. *See* 18 U.S.C. § 3553(a)(1); *see also United State v. Kippers*, 685 F.3d 491, 498 (5th Cir. 2012) (explaining that a district court need not engage in "a checklist recitation of the section 3553(a) factors" and that implicit consideration is generally sufficient (internal quotation marks and citation omitted)). Thus, the totality of the circumstances reflects that the district court did not fail to account for a factor that should have received significant weight, give significant weight to an irrelevant or improper factor, or commit a clear error of judgment in

balancing the § 3553(a) factors.  *See Warren*, 720 F.3d at 332.  Quintanilla's arguments amount to no more than a request for this court to reweigh the § 3553(a) factors, which we will not do as the district court is "in a superior position to find facts and judge their import under § 3553(a) . . . ."  *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).

The judgment of the district court is AFFIRMED.